**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LAURANNE WHEELER,

      Plaintiff,

    vs.                                    Case No. 1:11-CV-00475-WJ/LFG

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY d/b/a NORTHWESTERN MUTUAL
FINANCIAL NETWORK, THE MILLER FINANCIAL
GROUP, J. MICHAEL BERG, HCC LIFE INSURANCE
COMPANY, and CNIC HEALTH SOLUTIONS, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO AMEND AS MOOT**

THIS MATTER comes before the Court upon Plaintiff's Motion to Amend Complaint, filed June 16, 2011 (**Doc. 13**). Having considered the parties' briefs and the applicable law, I find that Plaintiff has the right to amend the complaint as a matter of course, and that Plaintiff's filing of an Amended Complaint renders the instant motion as moot.

**Background**

In the summer of 2008, Plaintiff was experiencing health issues with blood circulation in her lower extremities. Her physician recommended a drastic surgical procedure in order to save her right leg, namely, an "interposition bovine vascular graft." Compl., ¶ 16. Upon receiving the physician's request for authorization, Defendant CNIC Health Solutions ("CNIC") referred the matter to a doctor who was regularly employed by CNIC and HCC, and who recommended denial of authorization for the procedure. However, Defendant Berg contacted Plaintiff and

advised that the surgery had been approved by the insurance company, and similarly advised the surgeon's office of the approval. Relying on Defendant Berg's representation, Plaintiff had the surgery performed with the expectation that the surgeon and related expenses would be covered. Plaintiff experienced complications following the surgery which resulted in further surgicial procedures and medical expenses which HCC has also refused to pay.

On November 13, 2009, Plaintiff filed the initial complaint in the Second Judicial District Court, County of Bernalillo alleging various causes of action against the insurer Defendants for wrongfully denying coverage for surgical procedure, and against the broker/agent for misrepresenting that the surgery was authorized when it was not. Defendants removed the case to federal court on June 3, 2011.[1] On June 16, 2011, Plaintiff filed both an Amended Complaint (Doc. 12) and a Motion to Amend Complaint (Doc. 13). In the motion to amend the complaint, Plaintiff states that she believes "amending her Complaint is a matter of right," but filed the motion to amend "in the exercise of caution." Doc. 13 at 4. The Amended Complaint adds other Defendants, Central New Mexico Electric Cooperative, Central New Mexico Electric Cooperative Benefit Plan and Strategic Employee Benefit Service of New Mexico. It also adds a claim of promissory estoppel against Defendants Berg, Miller, Northwestern and Strategic Employee Benefit Service of New Mexico, which had not been previously asserted.

## Discussion

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely

---

[1] The stated jurisdictional basis for removal is federal preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part. *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

Plaintiff contends that Fed.R.Civ.P. 15 allows her to file the Amended Complaint as of right. Defendants oppose the motion on grounds of timeliness and prejudice, but do not offer an argument to dispute Plaintiff's position that she has the right to amend at this time.[2] In addition, Defendants contend that the amended complaint includes claims which are preempted by federal law under ERISA.[3] Thus, the threshold question is whether Plaintiff is permitted to amend as a matter of course under the federal rules. Rule 15 allows a party to amend its pleading once as a matter of course if the amendment is filed before receipt of a responsive pleading to the earlier, unamended version of the pleading, or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Rule 15(a)(1)(B).

An Amended Complaint is a pleading to which a responsive pleading (i.e., an amended answer) is required. In this case, Defendant CNIC has not filed an answer to the original complaint, but has filed a motion to dismiss. (Doc. 9).[4] Because motions to dismiss are not responsive pleadings, *see* Fed.R.Civ.P. 7(a), Plaintiff has the right to amend the complaint as a

---

[2] A response to Plaintiff's motion to amend was filed by Defendants Northwestern Mutual Life Insurance Company, the Miller Financial Group and J. Michael Berg.

[3] The state court documents include a motion to dismiss based on preemption, which is pending before the Court.

[4] The motion to dismiss asserts two grounds for dismissal. First, CNIC contends that Plaintiff failed to timely effect service of process pursuant to Rule 12(b)(5). Also, CNIC argues that dismissal is appropriate for failur to join certain indispensable parties (Central New Mexico Electric Cooperative and Central New Mexico Electric Cooperative Benefit Plan), pursuant to Rule 12(b)(7).

matter of course.

Therefore, the instant motion is denied as MOOT, since the Court finds that Plaintiff has the right to file an Amended Complaint (Doc. 12) as a matter of course under Rule 15(a)(1), and because the Amended Complaint has already been filed in this case (Doc. 13).

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE