# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LAURANNE WHEELER,

      Plaintiff,

     vs.                                                        Case No. 1:11-CV-00475-WJ/LFG

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY d/b/a NORTHWESTERN MUTUAL
FINANCIAL NETWORK, THE MILLER FINANCIAL
GROUP, J. MICHAEL BERG, HCC LIFE INSURANCE
COMPANY, CNIC HEALTH SOLUTIONS, INC., and
STRATEGIC EMPLOYEE BENEFIT SERVICE
OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF PREEMPTION BY ERISA

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiff's Complaint Based on Federal Preemption, filed on June 3, 2011 by Defendants Northwestern Mutual Life Insurance Company d/b/a/ Northwestern Mutual Financial Network ("Northwestern") and J. Michael Berg.  Doc. 1-3 at 1.[1]  Defendant Miller filed a joinder to the motion.  Doc. 1-5. Having considered the parties' briefs and the applicable law, I find that Defendants' motion is not well-taken and shall be denied.

---

[1] The motion was initially filed in state court.  It was included in the package of state court documents which were scanned into the federal court docket with the Notice of Removal. The state court documents contained other motions that were pending in state court at the time of the removal.  The Court recently denied all of those pending motions without prejudice pending re-filing of those motions in federal court.  *See* Doc. 18.  However, the Court was able to locate all the necessary pleadings and exhibits in connection with Defendants' Motion to Dismiss based on federal preemption.  Accordingly, there is no need to re-file the instant motion.

**Background**

This case involves an allegedly wrongful denial of coverage for a surgical procedure under an employee health plan. In the summer of 2008, Plaintiff Lauranne Wheeler ("Plaintiff"or "Wheeler") was provided health insurance coverage benefits as the spouse of John Wheeler, an employee of Central New Mexico Electric Cooperative, Inc. ("CNMEC") through HCC Life Insurance Company ("HCC") pursuant to the CNMEC Benefit Plan ("Plan"). HCC was a stop loss insurance carrier which provided reimbursement for health benefits for employees of CNMEC.  Defendant CNIC was the Plan Supervisor for the insurance policy issued by HCC. Northwestern and Miller Financial Group ("Miller") were the insurance brokers/agents responsible for procuring the health insurance policy and providing advice to CNMEC and its employees regarding coverage and service.  Defendant Berg was employed by Northwestern, Miller or SEBS and was the insurance agent having regular contact with CNMEC.

In the summer of 2008, Plaintiff was experiencing health issues with blood circulation in her lower extremities.  Her physician recommended a drastic surgical procedure in order to save her right leg, namely, an "interposition bovine vascular graft."  Compl., ¶ 16.  Upon receiving the physician's request for authorization, Defendant CNIC Health Solutions ("CNIC") referred the matter to a doctor who was regularly employed by CNIC and HCC, and who recommended denial of authorization for the procedure.  However, Defendant Berg contacted Plaintiff and advised that the surgery had been approved by the insurance company, and similarly advised the surgeon's office of the approval.  Plaintiff alleges that she, CNMEC and the surgeon relied on Berg's representations of coverage and proceeded with the surgery with the expectation that the surgery and all related expenses would be reimbursed by HCC after payment of the initial $30,000 by CNMEC. Plaintiff experienced complications following the surgery which resulted

in further surgical procedures and medical expenses which HCC has also refused to pay.

On November 13, 2009, Plaintiff filed the initial complaint in the Second Judicial District Court, County of Bernalillo alleging various causes of action against the insurer Defendants for wrongful denial of coverage for the surgical procedure, and against the broker/agents for misrepresenting that the surgery was authorized when it was not. Defendants removed the case to federal court on June 3, 2011, based on federal preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

On June 16, 2011, Plaintiff filed a First Amended Complaint as of right, *see* Doc. 19, asserting the following claims: Declaratory Judgment in Count I as to HCC; Breach of Contract in Count II as to HCC; Breach of Fiduciary Duty in Count III against all Defendants; Negligent Misrepresentation in Count IV against Defendants Berg, Miller, Northwestern and Strategic Employee Benefit Service of New Mexico ("SEBS");[2] Fraud in Count V against Defendants Berg, Miller, Northwestern and SEBS; Negligence in Count VI against Defendants Berg, Miller, Northwestern and SEBS; Promissory Estoppel in Count VII against Defendants Berg, Miller, Northwestern and SEBS; and Violation of the New Mexico Unfair Practices Act ("UPA") in Count VIII against Defendants HCC, CNIC, Berg, Miller, Northwestern and SEBS.

The claims in the complaint can be grouped into two categories: claims against the insurer Defendants (HCC and CNIC) for wrongfully denying authorization of the surgery; and claims against the broker/agents (Northwestern, Miller and Berg) for advising Plaintiff that the surgery was authorized when it was not. The instant motion is filed by the broker/agent

---

[2] SEBS was Defendant Berg's second employer. *See* Doc. 13 at 2, ¶ 6, and Berg Affidavit. According to Berg's Affidavit, SEBS is owned by the Miller Financial Group, one of the named Defendants.

Defendants, who argue that the claims asserted against them in Counts III through VIII are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Thus, the Court's inquiry is limited to whether the claims asserted against these movants only – Northwestern, Miller and Berg –  are preempted by federal law

## I.      Legal Standard

Defendants seeks dismissal of Plaintiff's claims under Fed.R.Civ.P. 12(b)(6).  To survive a motion to dismiss,  a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir.2006). The complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Shero v. City of Grove, Okl.*  510 F.3d 1196, 1200 (10th Cir. 2007).

In the alternative, Defendants seek summary judgment.  Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986).  In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor.  *Id.* at 249.  A mere scintilla of evidence in the nonmovant's favor is not sufficient.  *Id.* at 252.

The Court finds it appropriate to convert Defendants' motion to dismiss into one requesting summary judgment. Defendant's motion sets out statements of undisputed fact which refer to Defendant's Berg's Affidavit, and Plaintiff responded with her own statement of uncontested fact. Thus, Plaintiff has received adequate notice for conversion of the motion to summary judgment.[3]

## II.  Undisputed Facts

Plaintiff does not dispute Defendants' presentation of undisputed facts, as the latter consists essentially of a recitation of Plaintiff's allegations. Plaintiff offers additional "uncontested facts" which will be taken up within the context of the Court's discussion, below. Also, HCC filed a "response" to Defendant's motion, disputing Defendant's Paragraph 12 in the Statement of Facts, which states that the Plan "covered expenses. . . for prescription and drug card expenses." HCC disputes that statement, contending that the policy reimbursed CNMEC as the insured for payments it made under the employee benefit plan which exceeded the deductible. The sole purpose of HCC's "response" appears to be an effort to clarify Defendants' description of the Plan. It does not necessarily constitute a material dispute, and it is ultimately irrelevant to the issues which the Court must address.

## III.  Relevant Substantive Law

Congress enacted ERISA to ensure national uniformity in fiduciary standards for the administration of employee benefit plans. *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 104

---

[3] *See Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004) (when a party moves to dismiss under Rule 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment); *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) (on converting motion to dismiss to summary judgment, district court must provide the parties with notice so that all factual allegations may be met with countervailing evidence).

(1983). To that end, it included a broad provision which preempts state law claims "that relate to any employee benefit plan." 29 U.S.C. § 1441(a); *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333 (2003). Section § 502(a)(1) of ERISA allows civil suits by a participant or a beneficiary of an ERISA plan to recover benefits or enforce the participant's rights under the terms of the plan, or to clarify the participant's rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1). *Chastain v. AT & T*, 558 F.3d 1177, 1181 (10th Cir. 2009).

In *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), the United States Supreme Court reaffirmed a broad interpretation of ERISA's preemptive scope, holding that ERISA preempted nearly all state claims relating to causes of action against covered health insurers, "even when the elements of the state cause of action [do] not precisely duplicate the elements of an ERISA claim." *Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1198 (10th Cir. 2006) (quoting *Davila*, 542 U.S. at 216).

**Discussion**

Defendants contend that Plaintiff's claims are preempted by federal law because they are raised pursuant to an ERISA-regulated plan. Plaintiff does not dispute that the Plan at issue here is an ERISA plan. *See* Am.Compl., ¶33 ("The health benefit plan in question is an ERISA plan."). Plaintiff disputes whether ERISA preempts the claims being asserted against Berg and Northwestern. Plaintiff also concedes that the claims asserted against HCC and CNIC are preempted by ERISA. *See* Doc. 1-5 at 13 ("Plaintiff does not dispute ERISA would preempt any claims she asserts against HCC and CNIC as to whether the medical expenses in question are covered under the health benefit plan."). Thus, the sole issue before the Court is whether Plaintiff's state law claims asserted against Northwestern, Miller and Berg are preempted by ERISA.

Before preemption will be found, three requirements must be met: (1) there must be a state law and (2) an employee benefit plan, and (3) the state law must "relate to" the employee benefit plan." *Airparts Co., Inc. v. Custom Ben. Services of Austin, Inc*. 28 F.3d 1062, 1064 (10th Cir. 1994). A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Airparts Co*., 28 F.3d at 1064 (citing *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 96-97 (1983)). Even if a state law is not specifically directed toward the regulation of an ERISA plan or affects such a plan only indirectly, it can still be found to "relate to" a plan. *Id*. (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). There is no dispute here that Plaintiff's claims against Northwestern, Miller and Berg are based on state law, and Plaintiff concedes that the Plan is an employee benefit plan under ERISA. The dispute arises over whether Plaintiff's state law claims "relate to" the Plan.

Defendants argue that ERISA preempts state law claims against insurance brokers, based on several grounds. They contend that claims of a breach of fiduciary duty are preempted because a benefits determination under ERISA is generally a fiduciary act. Defendants also contend that Plaintiff's negligence, fraud and UPA claims require dismissal because they concern benefits under Plaintiff's employee group health plan.

## I. Preemption Based on Fiduciary Duty

Plaintiffs allege breach of fiduciary duty against Defendants in Count III. A benefit determination under ERISA is generally a fiduciary act. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 218, 124 S.Ct. 2488, 2501 (2004). However, the breach of fiduciary claim must still "relate to" an employee benefit plan.

While the scope of ERISA preemption may be broad, it is certainly not boundless, and it does not preempt all state law claims. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,*

170 F.3d 985, 990 (10th Cir. 1999).  ERISA has no bearing on state law claims which do not affect the "relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries. . . ." *Id*. (citing *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla. Inc*., 944 F.2d 752, 756 (10th Cir.1991)).  Actions that affect the relations between one or more of these plan entities and an outside party similarly escape preemption. *Woodworker's Supply,* 170 F.3d 985, 990 (10th Cir. 1999) (citing *Airparts Co*., 28 F.3d at 1065).

In *Airparts Co., Inc. v. Custom Ben. Services of Austin, Inc*., 28 F.3d 1062, 1066 (10th Cir. 1994), the Tenth Circuit reversed the district court's dismissal of plaintiff's claim on preemption grounds, finding that those claims did not sufficiently relate to the pension plan. Defendant in that case was hired by plaintiffs to provide expert benefit plan consultation. Plaintiffs alleged that defendants improperly calculated pension benefits, proposed and drafted a useless plan amendment, and deliberately concealed the cost of the amendment and its eventual uselessness from plaintiffs.  The Tenth Circuit's decision turned on the fact that the state law claims were asserted against "an outside firm hired to consult on the plan." Thus, those claims would "not have any effect whatsoever on the relations among the traditional plan entities" which included "the employer, the plan, the plan fiduciaries, and the beneficiaries. . . ." *Id*.  The court noted that Plaintiff made no claim "based on any rights under the plan"; there was no allegation that any of the plan's terms were breached; nor was there any effort to enforce or modify the terms of the plan.  *Id*. at 1066.

In *Clark v. Humana Kansas City, Inc*., 975 F.Supp. 1283 (D.Kan. 1997), plaintiff brought a claim against her insurer to recover benefits allegedly due under a health care plan.  The court found that plaintiff's state law claims "could very well affect the administration of or benefits provided by the plan" based on plaintiff's allegation that defendant improperly determined her

eligibility for benefits under the plan. In its analysis, the District Court of Kansas distinguished the case at bar, where plaintiff alleged negligence claims against an ERISA insurance plan, from *Airparts Co*, where the plaintiff sued an outside firm that was hired to consult on the plan.

Plaintiff in this case offers facts which, if uncontested, leads to the conclusion that Defendants Northwest and Miller are not traditional ERISA entities, and Berg was thus not an agent of ERISA entity. Plaintiff states that neither Northwestern, Miller or Berg were plan administrators or supervisors; that none of these Defendants made the decision as to whether a particular health care expense or surgical procedure would be covered under the Plan; that Berg was not employed by CNIC or HCC at the relevant time; and that her claims do not relate to the types of activities related to the administration of an ERISA plan.[4]

Defendants dispute these facts, but offer no evidence to appropriately refute them. They offer no facts, evidence or legal authority to suggest that Defendants Northwestern, Miller and Berg had a fiduciary duty under ERISA to Plaintiff regarding any representations they allegedly made. Instead, they insist that Plaintiff's allegations of fiduciary duty place the claims asserted against them squarely within ERISA's preemption provisions. However, what Plaintiff actually alleges is that "Berg, Miller, SEBS and Northwestern owed *non ERISA* fiduciary duties as insurance brokers to deal honestly and fairly with their clients. . . ." Am. Compl., ¶ 46 (emphasis added). Plaintiff also alleges that Defendants were insurance brokers/agents responsible for responding to questions regarding coverage and service. These facts, uncontested by Defendants, do not convert Defendants into ERISA entities since Defendants also do not contest Plaintiff's facts stating that Defendants were not involved in the Plan administration or decision-

---

[4] Most of Plaintiff's statements of uncontested facts are from Defendant Berg's Affidavit.

making.

      There are no cases cited by the parties directly on point. The cases cited by Defendants are easily distinguishable.  The defendants in those cases had roles consistent with roles taken by traditional ERISA entities and were either the insurer or the plan administrator.  *See, e.g.*, *Toussaint v. JJ Weiser & Co.*, 2005 WL 356834, 1 (S.D.N.Y. 2005) (holding that insurance broker defendants were "fiduciaries with respect to the Plan . . . because each exercised discretionary authority over administration of the Plan. . . .").[5]  On the other hand, even though not completely apposite, the relevant case law favors Plaintiff's position that the state law claims asserted against these Defendants are not preempted by ERISA.  For example, the Fifth Circuit has found that Congress did not intend for ERISA preemption to extend to state law tort claims brought against an insurance agent.  *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir.1990).  In *Perkins*, the plaintiff sued an independent insurance agent for fraudulent inducement to purchase and negligence in processing her application for an ERISA-governed insurance plan. The Fifth Circuit reversed the district court's grant of summary judgment to defendants, reasoning that such preemption "would immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation."  *Id*.  The Eleventh

---

    [5] In one case cited by Defendants, the District of Kansas found that state law claims alleging misrepresentations of coverage against insurance agents were preempted by ERISA because those claims "related to" ERISA.  The defendant/insurance agent in that case was a plan administrator. *See Beach v. Mutual of Omaha Ins. Co.*, 229 F.Supp.2d 1230 (D.Kan.,2002).  In another case referenced by Defendants, *Johnson v. Reserve Life Ins. Co.*, 761 F.Supp. 93 (C.D.Cal.,1991), the court held that claims asserted against the broker were preempted by ERISA.  However, the court also dismissed the broker from the case because it found the broker to be a non-fiduciary and thus no damages were available against him.  Interestingly, claims were not found to be preempted where they arose from the broker's failure to get a replacement policy.  In light of the conclusions reached by the court in *Johnson*, I do not find that case to be helpful on any of the issues presented in the instant case.

Circuit adopted the Fifth Circuit's rationale and deemed as overruled any prior opinions that differed from that holding. *Morstein v. National Ins. Services, Inc*., 93 F.3d 715, 722 (11th Cir. 1996).

The factual scenario in both *Perkins* and *Morstein* involved pre-plan conduct on the part of the defendants, which admittedly does not apply in the present case. Under Tenth Circuit law, preemption would not occur solely on the basis of pre-plan conduct. *See Woodworker's Supply*, 170 F.3d at 989 (pre-plan fraud by insurers is not preempted). However, the courts' holdings in both *Perkins* and *Morstein* did not turn on that factor alone. The conclusion reached by the Eleventh Circuit in *Morstein* was driven primarily by the distinction between an employer and independent insurance agents, with the court finding that employers are "ERISA entities and thus much more closely 'related to' the plan." *Id*. ("[t]he insurance agent and agency are not ERISA entities)."

The difference between an employer and plan administrator described in *Morstein* applies here as well. The court's concern in both *Perkins* and *Morstein* was that independent agents would be afforded an immunity from liability that seemed contrary to the objectives behind ERISA. This Court has the same concern and for that reason, reaches the conclusion here that Defendants, as independent insurance agents, were non-ERISA entities, and any fiduciary duty owed by Defendants to Plaintiff was a non ERISA fiduciary duty. Defendants are similar to the outside consultant in *Airparts Co*.: they allegedly provided misinformation related to the Plan, and may be liable to Plaintiff, but not as ERISA fiduciaries.

Accordingly, Plaintiff's claims of breach of fiduciary duty against Defendants are not preempted by ERISA.

**II.     Negligence, Fraud and Other Claims Asserted Against Defendants**

Plaintiff asserts claims of negligence and negligent misrepresentation in Counts IV and VI against Defendants; fraud in Count V; promissory estoppel in Count VII; and violation of the New Mexico Unfair Practices Act ("UPA") in Count VIII. The Court's analysis related to Plaintiff's claims of fiduciary duty have a bearing on the analysis for these claims.

Generally speaking, ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan. *Griggs v. E.I. DuPont de Nemours & Co.,* 237 F.3d 371, 378 (4th Cir. 2001) (other citations omitted). In fact, ERISA preemption is commonly understood to apply to state common law claims that an ERISA fiduciary misrepresented the nature or availability of retirement benefits, or failed to provide enough information to permit the retiring beneficiary to make an intelligent retirement decision. *Id.* However, the lynchpin for the preemption question is the existence of a sufficient connection to an ERISA-governed plan.

Here again, Defendants rely on cases which have one thing in common: the defendant was the plan administrator or an ERISA entity.  In *Griggs*, for example, the court found that plaintiff's claims had "sufficient connection with or reference to" the plan to warrant preemption. 237 F.3d at 379.  Notably, the defendant in that case served as the administrator for the company's pension and retirement plan.[6]  Here, Defendants allegedly were responsible for responding to questions regarding coverage and service, and Berg advised Plaintiff as well as the surgeon that the surgery had been approved; but there are no allegations that Defendants were responsible for making the decisions regarding calculation of benefits or the actual

---

[6]   The Court has reviewed the numerous cases cited by Defendants on page 14 n.2 of their motion, and finds that all of those cases can be distinguished in the same way from the instant case. Defendants in those cases were clearly traditional ERISA entities having some connection to plan administration and thus had fiduciary duties to plaintiffs under ERISA.

administration of the plan, nor do Defendants offer any evidence to suggest this.

A.     Vicarious Liability

Defendants point to the fact that Northwest and Miller are vicariously liable for Berg's actions in order to argue that Defendants are therefore plan fiduciaries under ERISA. However, that contention has merit only if Northwest and Miller are liable for the administration of the Plan. As discussed previously, there are no facts suggesting that Defendants had a fiduciary duty to Plaintiff under ERISA, or that the alleged misrepresentations made by Berg impacted in any way the structure of the ERISA Plan at issue. The merits of Plaintiff's claim against Berg are separate and apart from the question of whether the decision made by the Plan's carrier and administrator to deny approval of the surgery was wrongful. Northwest and Miller may be vicariously liable for Berg's actions, but only as employers of a tortfeasor, and not as a plan fiduciary. *Cmp. Wilson v. Zoellner*, 114 F.3d 713, 718 -719 (8th Cir. 1997) (where defendant was not liable for administration of ERISA plan, defendant can incur liability only as employer of tortfeasor and not as plan fiduciary).

B.     Relation to ERISA Plan

As stated above, state law claims "relate to" an employee benefit plan if they have "a connection with or reference to such a plan." *Airparts Co.*, 28 F.3d at 1064. State actions which affect plans in "too tenuous, remote, or peripheral a manner," will not be preempted as a law relating to the plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. at 100 n. 21; *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 940 F.2d 564, 583 (10th Cir.1991). ERISA does not preempt claims "that are only tangentially involved with a benefit plan." *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir.1991). Plaintiff's lawsuit may have some economic impact on the Plan if she prevails, but this is not enough to require that her state law claims be invalidated by

preemption.  *See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc*., 944 F.2d 752, 754 (10th Cir. 1991) (When a state law "does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated.") (quoting *Rebaldo v. Cuomo*, 749 F.2d 133, 139 (2d Cir.1984), *cert. denied*, 472 U.S. 1008 (1985)).

Nor does Plaintiff's reliance on Berg's representations that the surgery was covered provide a sufficient connection to the Plan to require preemption.  In *Variety Children's Hosp., Inc. v. Century Medical Health Plan, Inc*., an action was brought by a hospital, by assignment of the claims of the parents of the plan beneficiary, against the plan. 57 F.3d 1040 (11th Cir. 1995). The hospital alleged that the plan had engaged in fraud and misrepresentation by allegedly denying coverage of an experimental bone marrow transplant performed at the hospital. These claims involved ERISA entities, the beneficiary before assignment, and the plan, and the state law claims were based on an interpretation of the plan's terms.  The Eleventh Circuit affirmed the district court's dismissal of those claims based on ERISA preemption.  The court, however, distinguished the case at bar from a situation where an insurer makes promises that a particular treatment is fully covered under the plan policy, but is later not approved.  A claim of promissory estoppel against the insurer would "survive the defense of preemption" because the promissory estoppel claim "would be unrelated to the benefits under the plan. . . ."  57 F.3d at 1043 & n.5.

In this case, Plaintiff's state law claims against Defendants based on Berg's alleged misrepresentations to Plaintiff and Plaintiff's surgeon are not sufficiently connected to the Plan terms to require preemption.  Like the plaintiff in *Airparts*, Plaintiff's claims are not based on her rights under the Plan.  Her claims against these Defendants would be viable from a practical

as well as legal viewpoint, even if the Court determines that the surgery and medical procedures were not covered by her insurance policy or employee benefit plan.[7]  Plaintiff does not allege that any of the Plan's terms were breached in her claims against Northwest, Miller and Berg. After all, Plaintiff's position is that the surgery should have been authorized under her health care plan, which is consistent with Berg's representations.  The state law claims do not affect the relationship between Plaintiff's employer (or, more specifically, her spouse's employer), the Plan insurer and the Plan administrator (HCC and CNIC).  *See Wilson v. Zoellner*, 114 F.3d at 718 (plaintiff's tort claim did not affect "primary" ERISA entities of the employer, the plan, the plan fiduciaries and beneficiaries, nor did those claims impact the structure of the ERISA plan because agent's oral representations to plaintiff could not modify the plan).

   Finally, my conclusion is supported by policy concerns.  Preemption of Plaintiff's state law claims against Defendants does not serve Congress's purpose for ERISA, which is to protect the interests of employees and beneficiaries covered by benefit plans.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) (cited in *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1533 (11th Cir. 1994) (preemption in a third-party health care provider case would defeat rather than promote goal of protecting interests of employees and beneficiaries covered by benefit plans).  In this case, should the Court determine that Plaintiff's surgery was not covered by her health Plan, Plaintiff would have no recourse for the reimbursement of expenses incurred for her surgeries and medical procedures.  I make no determination here on whether Plaintiff's claims against these Defendants have any merit.  My ruling is limited to the threshold question

---

  [7] Plaintiff does acknowledge that if the Court determines the surgery should have been approved under the Plan terms, then her claims against the agent/broker Defendants would require dismissal.  In such a scenario, Berg's representations would not have been negligent nor fraudulent, and Plaintiff would in any event not be entitled to a double recovery.

on whether Plaintiff's claims against these Defendants can proceed or whether they should be preempted by federal law.

## Conclusion

In sum, I find and conclude that Plaintiff's state law claims asserted against Defendants Northwest, Miller and Berg are not preempted by ERISA.  These Defendants are not ERISA entities, and have no ERISA-based fiduciary duties to Plaintiff.  Thus, the state law claims do not "relate to" an employee benefit plan.  Without this connection, preemption is not warranted.

The Court also notes that the instant motion was filed prior to the addition of Defendant SEBS in the Amended Complaint (Doc. 12). Therefore, to the extent that SEBS is aligned with Defendants Northwest, Miller and Berg, the rulings herein will apply to SEBS as well.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss Plaintiff's Complaint Based on Federal Preemption, filed on June 3, 2011 by Defendants Northwestern, Miller and Berg (Doc. 1-3), is hereby DENIED for reasons described in this Memorandum Opinion and Order.

UNITED STATES DISTRICT JUDGE